UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAKECIA DAVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HOME CARE AT ITS BEST, INC., KETTLY DERIVAL, and BOB DERIVAL,<br><br>Defendants. | CAUSE NO. _____<br><br>JURY TRIAL DEMANDED<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Lakecia Davis, individually and on behalf of all other similarly situated current and former employees of Defendants, brings this Collective Action against Defendants, Home Care At Its Best, Inc., Kettly Derival, and Bob Derival, and alleges as follows:

**NATURE OF THE ACTION**

1. Defendant Home Care At Its Best, Inc. (HCAIB) employs home care workers to provide home care services to clients in New York City and Nassau County.

2. Plaintiff Davis works for HCAIB providing home care services to HCAIB clients.

3. Davis typically works five or more 12-hour shifts a week providing home care services at an HCAIB client's residence.

4. Although Davis regularly works more than 40 hours in a week, HCAIB does not pay her overtime at a rate of one and one-half her regularly rate of pay for the hours she works more than 40 in a week. Instead, it pays her on a straight-time basis. That is, HCAIB pays

1

    Davis the same hourly rate of pay for her work regardless of whether she works more than 40 hours a week.

5.  It is HCAIB's policy to pay home care workers on a straight-time basis and not pay them overtime wages when they work more than 40 hours in a week.

6.  This case seeks to compel HCAIB to pay Davis and a class of similarly situated employees all of the wages that they earned.

7.  As described in this complaint, HCAIB has violated the Fair Labor Standards Act ("FLSA") and New York's wage-and-hour laws.

8.  Davis brings FLSA claims individually and as a collective action on behalf of herself and other similarly situated employees under the FLSA's collective action provision, 29 U.S.C. § 216(b).

9.  Davis also brings claims under New York's wage-and-hour laws, including New York Labor Law Articles 6 and 19 and their implementing regulations ("New York Labor Law"), both individually and as a class action pursuant to Fed. R. Civ. P. 23.

## PARTIES

*The Plaintiff*

10.  Plaintiff Lakecia Davis resides in Queens County in the State of New York.

11.  Davis is a Licensed Practical Nurse ("LPN").

12.  Davis began working for Defendants providing home care services to HCAIB's clients in or around November 2015 and continues to work for them in that capacity.

13.  Davis's consent to be a party to this action is attached to this Complaint as Exhibit A.

*The Defendants*

14. HCAIB is New York Corporation located at 221-21 Jamaica Avenue, Queens Village, NY 11428.

15. HCAIB is a Licensed Home Care Services Agency (LHCSA) that provides home care services. Its services include providing Nursing, Home Health Aides, Personal Care Attendants, Physical Therapy, Occupational Therapy, Speech Language Pathology, and Social Work to its clients.

16. HCAIB accepts assignments from Medicaid, Private Payment, Workers Compensation, and Guardianship Programs.

17. Upon information and belief, HCAIB employs hundreds of home care workers in Brooklyn, Queens, Bronx, Manhattan, Staten Island and Nassau County to provide home care services that are paid for in whole or in part through Medicare or Medicaid, and pays them on an hourly basis.

18. HCAIB maintains control, oversight, and direction over the work of Davis and other home care workers, including the payroll and other employment practices that apply to their work.

19. Kettly Derival is the Chief Executive Officer and Principle Executive Officer of HCAIB.

20. Upon information and belief, Kettly Derival lives in New York State.

21. As the CEO and Principle Executive Officer of HCAIB, Kettly Derival maintains control, oversight, and direction over the work of Davis and the other home care workers, including the payroll and other employment practices that apply to their work.

22. Bob Derival is the Vice President and Director of HCAIB.

23. Upon information and belief, Bob Derival lives in New York State.

24. As the Vice President and Director of HCAIB, Bob Derival maintains control, oversight, and direction over the work of Davis and the other home care workers, including the payroll and other employment practices that apply to their work.

## JURISDICTION & VENUE

25. This Court has subject matter jurisdiction of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331. Plaintiff's claims arise under §§206(a) and 207(a)(1) of the FLSA. Additionally, this Court has personal jurisdiction over Defendants, since Defendants conduct business in the Southern District of New York. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. 1367.

26. Venue is proper in this District under 28 U.S.C. §1391(b)(1) as Defendants reside in the Southern District of New York and under 28 U.S.C. 1391(b)(2), as a substantial part of the events giving rise to these claims occurred within this District

## COLLECTIVE ACTION ALLEGATIONS

27. The class of similarly situated employees sought to be conditionally certified under 29 U.S.C. §216(b) as a collective action ("FLSA Collective") is defined as:

> All current or former home care workers employed by Home Care At Its Best, Inc. to provide home care services paid in whole or in part through Medicare or Medicaid who were paid on an hourly basis but not paid overtime for all hours worked over 40 in a work week since January 1, 2015.

28. At all times hereinafter mentioned, Defendants are and have been an employer within the meaning of 29 U.S.C. §203(d).

29. At all times hereinafter mentioned, Defendants are and have been an enterprise within the meaning of 29 U.S.C. §203(r).

30. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

31. At all times hereinafter mentioned, Plaintiff and the FLSA Collective were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§206-207.

32. Plaintiff and the FLSA Collective were employed by Defendants as home care workers to provide services and care for the elderly, ill or disabled at the clients' residence. However, Plaintiff and the FLSA Collective were not compensated in accordance with the FLSA because they were not paid for all hours worked in excess of forty hours a week for all weeks worked after January 1, 2015.

33. Plaintiff is aware of other current and former employees of Defendants who are similarly situated in that they were subject to the same payroll practice.

34. Pursuant to the FLSA, 29 U.S.C. §§201, *et seq*., employers are generally required to pay a minimum wage and overtime compensation at an hourly rate of 150% of an employee's regular rate of pay for hours worked over 40 in a work week.

35. The FLSA, however, exempted from overtime "domestic workers" who provided companionship and other services to individuals who were unable to care for themselves

5

and also exempted live in domestic service workers. 29 U.S.C. §§ 213(b)(21) and 213(a)(15).

36. Until recently, the Department of Labor interpreted these exemptions to include such workers who were employed by third-party agencies or employers.

37. Due to a shift from domestic-service workers being hired directly by the home care recipient to domestic-service workers primarily employed by third-party agencies, the Department of Labor adopted regulations changing its position on the application of these exemptions to domestic-service workers employed by third party agencies or employers.

38. Thus, beginning on January 1, 2015, domestic-service workers employed by third-party agencies or employers were no longer exempt from the FLSA's minimum wage and overtime requirements. 29 C.F.R. §552.109(a) 2015.

39. Accordingly, as of January 1, 2015, all domestic-service workers employed by third-party agencies or employers are entitled to overtime compensation at an hourly rate of 150% of the employee's regular rate of pay for hours worked over 40 in a work week.

40. Defendants have violated, and are violating, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§206, 207 and 215(a)(2), by not paying domestic-service workers, like Plaintiff and the FLSA Collective overtime as required by law, effective January 1, 2015.

41. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and all those similarly situated overtime compensation for all hours worked over 40 by failing to either commence paying overtime or to retroactively pay overtime effective January 1, 2015.

## CLASS ACTION ALLEGATIONS

42. Davis brings her Rule 23(b)(3) class on behalf of a New York Class defined as

> All current or former home care workers employed by Home Care At Its Best, Inc. to provide home care services paid in whole or in part through Medicare or Medicaid who were paid on an hourly basis but not paid overtime for all hours worked over 40 in a work week since January 1, 2015.

43. Excluded from the New York Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in HCAIB; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Class.

44. The Second Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

45. The persons in the New York Class identified above are so numerous that joinder of all members is impracticable. The precise number of such persons is not known to Plaintiff because the facts on which the calculation of that number can be based are presently within the sole control of Defendants. Upon information and belief, the size of the New York Class is more than 40 persons.

46. Defendants acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

47. Davis' claims are typical of the claims of the New York Class she seeks to represent. Davis and the New York Class work or have worked for Defendants and have been

subjected to Defendants' policy and pattern or practice of failing to pay all wages due at the rate of time and one-half for all hours worked over forty in a week.

48. There are questions of law and fact common to the Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

   a. whether Defendants failed to keep true and accurate time records for all hours worked by Davis and the New York Class;

   b. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

   c. whether Defendants failed and/or refused to pay Davis and the New York Class overtime pay for hours worked in excess of 40 hours per workweek;

   d. the nature and extent of Class-wide injury and the appropriate measure of damages for the New York Class;

   e. whether Defendants' policy of failing to pay overtime was instituted willfully or with reckless disregard of the law;

   f. whether Defendants correctly calculated and compensated Davis and the New York Class for hours worked in excess of 40 per workweek;

   g. whether Defendants failed to pay all wages due at the time and place designated to which it had agreed in its employment agreement with Davis and the New York Class.

49. Davis will fairly and adequately represent and protect the interests of the New York Class.

a. Davis understands that, as class representatives, she assumes a fiduciary responsibility to the New York Class to represent its interests fairly and adequately.

b. Davis recognizes that as a class representative, she must represent and consider the interests of the New York Class just as she would represent and consider her own interests.

c. Davis understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over those of the New York Class.

d. Davis recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class.

e. Davis understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in her possession, and testify, if required, in a deposition and in trial.

50. Davis has retained counsel competent and experienced in complex class action employment litigation.

51. A class action is superior to other available methods for the fair and efficient adjudication of this litigation - particularly in the context of wage litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not de minimis, such damages are

small compared to the expense and burden of individual prosecution of this litigation against Defendants. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## RELIEF SOUGHT

**WHEREFORE,** Davis, the FLSA Collective, and New York Class she seeks to represent, pray for relief and request that this Court enter an Order:

A. That, at the earliest possible time, Davis be allowed to give notice of this collective action and that Defendants provide her with names, addresses, telephone numbers, and other contact information, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit been employed by Defendants and who fall within the FLSA Collective described in this Complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Certifying the claims under New York Labor Law as a class action and ordering that the case proceed as a collective action as to the FLSA claims. (Plaintiff reserves the right to plead individual state law wage claims for individuals who have joined this action and have put Defendants on notice that she may seek to do so);

C. Designating Plaintiff Davis as Class Representative;

D. Designating Getman & Sweeney, PLLC and Bohrer Brady LLC as Class Counsel;

E. Issuing a declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

F. Providing appropriate equitable and injunctive relief to remedy Defendants'

violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

    G.    Awarding such other injunctive and equitable relief as the Court may deem just and proper;

    H.    Awarding Plaintiffs their unpaid wages;

    I.    Awarding Plaintiffs an additional 100% as liquidated damages under the FLSA;

    J.    Awarding an additional 100% liquidated damages under New York Labor Law to the New York Class;

    K.    Awarding pre-judgment and post-judgment interest, as provided by law;

    L.    Awarding reasonable incentive awards for named Plaintiff Davis to compensate her for the time she spent attempting to recover wages for Class Members and the risk she took in doing so; and

    M.    Awarding attorneys' fees and costs, including expert fees.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: October 4, 2016                      Respectfully Submitted,

                                                  /s/ Michael J.D. Sweeney

                                                  Michael J. D. Sweeney (MS 7959)
                                                  GETMAN & SWEENEY, PLLC
                                                  9 Paradies Lane
                                                  New Paltz, NY 12561
                                                  phone: (845)255-9370
                                                  fax: (845) 255-8649
                                                  Email: msweeney@getmansweeney.com

                                                  ATTORNEYS FOR PLAINTIFF